UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

Michael S. Thompson and Heather N Thompson,

Debtors.

Case No. 25-10380

Chapter 13

## OBJECTION TO CHAPTER 13 PLAN

Westby Co-op Credit Union (hereinafter "Creditor"), by Justin J. Bates, Bates Legal Group, LLC, its attorneys, hereby objects to and rejects the Debtor proposed Chapter 13 Plan of reorganization for the following reasons:

1. Debtor filed a proposed Chapter 13 plan on March 17, 2025 (the "Plan").

2. Creditor filed a proof of claim on April 17, 2025, as Claim No. 5, in connection with debt classified therein as secured, for the amount of $122,982.64.

3. Creditor's collateral is identified for Claim No. 5 is as follows:

    628 Lake View Avenue, Merrimac, WI 53561

4. Debtor obtained loan proceeds from Creditor on or about December 2, 2022 for Claim No. 5 (hereinafter the "Loan"), or Debtor obtained said loan proceeds from a third-party financing entity, the rights to which were subsequently assigned to Creditor.

5. 11 U.S.C. § 1325(a)(5)(B)(iii)(I) mandates that secured claims be paid in equal monthly amounts commencing at confirmation of the plan.

6. The Plan as proposed does not comply with 11 U.S.C. § 1325(a)(5)(B)(iii), as the plan itself provides that secured claims will not be paid until after administrative expenses, including trustee and attorney fees, are paid. Creditor hereby expressly rejects and does not accept this treatment under the proposed Plan. *See*; *In re Enders,* (Bankr. E.D. Wis. September

1

30, 2015); *See also*; *In re Williams*, 583 B.R. 453 (USBC, N.D. Illinois, E.Div., 2018).

7. 11 U.S.C. § 1325(a)(5)(B)(iii) requires that a plan's periodic payments to secured creditors be in equal monthly amounts. As proposed, the Plan does not provide for equal monthly payments to Creditor, and likewise Creditor does not accept that treatment, As a result, the plan is inconsistent with § 1325(a)(5), and it cannot be confirmed. *In re Enders*, No. 15-21737-GMH, 2015 WL 5772199, at *3 (Bankr. E.D. Wis. Sept. 30, 2015).

8. Further, with respect to priority treatment of administrative expenses, there is no basis in the Code for finding that 11 U.S.C. § 1326(b)(1) trumps the right of an objecting secured creditor to equal payments under § 1325(a)(5)(B). 11 U.S.C. § 1326(b) establishes only that "priority claims such as attorney's fees *may* be paid concurrently with non-priority claims." *In re Romero*, 539 B.R. 557, 560 (Bankr. E.D. Wis. 2015)(emphasis added). Further, "nothing in § 1326(b)(1) carves out an exception to the requirement mandated by § 1325(a)(5)(B)(iii)(I) that [secured claims] be paid in equal monthly amounts ***commencing at the effective date—confirmation—of the plan***." *In re Kirk*, 465 B.R. 300 307 (Bankr. N.D. Ala. 2012)(emphasis added).

9. The *In re Romero* Court went on to further hold that Since the plan in this case proposes to pay [creditor's] claim a smaller payment until the Debtors' attorney's fees are paid in full, [creditor] will not receive equal monthly payments. *In re Romero*, 539 B.R. 557, 560 (Bankr. E.D. Wis. 2015).

10. Therefore, the Plan must "calculate plan payments sufficient to provide for these payments and for payment of attorney fees and other administrative expenses" as a confirmable plan "should be structured so that payments to the attorney ***neither reduce nor delay*** the required equal monthly payments to secured claimholders"). *In re Williams*, 583 B.R. 453, 457 (Bankr.

2

N.D. Ill. 2018)(emphasis added). The *In re Williams* Court ultimately held that "because the plan proposes to pay [creditor] a lesser amount until debtor's attorney's fees are paid in full and Ford has not accepted this treatment, the plan does not comply with § 1325(a)(5)(B)(iii). Accordingly, Ford's objection to confirmation is sustained. *In re Williams*, 583 B.R. 453, 457–58 (Bankr. N.D. Ill. 2018).

11. The loan for which Debtors provided personal guaranties and mortgage lien, which forms the basis of Claim No. 5, matured pursuant to its terms on December 31, 2024.

12. The Plan contains a proposal that Creditor be paid pro rata, treatment which Creditor expressly rejects. "When a secured creditor objects to the plan based on its failure to pay mortgage arrears in equal monthly payments, § 1325(a)(5)(B) requires the debtor to amend his or her plan." *In re Randell*, 638 B.R. 104, 110–11 (Bankr. E.D. Wis. 2022).

13. To the extent the Plan proposes to make post-petition direct payments to Creditor in an amount in any way differing from the subject note and mortgage, Creditor objects to same. Post-petition direct payments are to be made in the amount, and in the manner, set forth in said note and mortgage.

WHEREFORE, Westby Co-op Credit Union respectfully requests this Court to deny confirmation and dismiss this case or, in the alternative, direct the Debtor to amend the Plan to conform to this objection.

Dated this 17th day of April , 2025.

                                                Bates Legal Group, LLC., Attorneys
                                              for Westby Co-op Credit Union
                                              By: */s/ Attorney Justin J. Bates*
                                                      Justin J. Bates
                                                      State Bar No. 1066128

PO Box 1473
Wausau, WI 54402-1473
715-843-5599